The opinion of the court was delivered by
McEnery, J.
This is a suit to partition the effects in the succession of I. Phipps, who died in the parish of Olaiborne in 1892. The defendants concur in the demand of plaintiffs, but deny that they have received from the succession the amounts with which they are charged. There was judgment directing a partition and charging the defendants with certain amounts, and ordering the remaining property in the succession to be sold. The defendants appealed, and •complain of the judgment decreeing more than they had received in the succession, and that they should not be held in solido.
It seems from the evidence that the defendant heirs, who were domiciled in the parish of Olaiborne, except Mrs. Taylor, who had received her full share in advance, on the death of I. Phipps, took possession of the farm on which deceased liyed, the stock and effects of the succession, and partitioned the proceeds among themselves. The testimony as to the amount of corn, fodder, cotton seed and the rental value of the place is based upon the recollection and estimates of the witnesses, and we are not disposed to disturb the findings of the District Judge as to the quantity of each left among the effects *1431 of the deceased. In all eases of conflicting testimony, or where it is based upon estimates from the recollection of the witnesses, it is safer to accept the conclusions of the District Judge, as he has better opportunities of judging what weight is to be given the testimony of each witness. In this particular case it is of greater necessity to accept his conclusions, as the defendants had it in their power and failed to take an accurate inventory of the effects of the succession.
J. R. Phipps, one of the heirs, found among his father’s papers a note due by one Short, the husband of one of the heirs. He sent this note, which was for five hundred and sixty-two dollars, to Short. The decree held Phipps and- several of the heirs in solido for this note in case it is not returned to the succession. There was error in holding the other heirs liable for the note. The other heirs may have been in possession of the property of the succession with Phipps, but they are not liable for his individual disposition of its effects. J. L. Phipps drew from P. Loewenberg two hundred and ninety-nine dollars and nineteen cents for the use of the farm. The decree orders the heirs in possession to be held in solido to the •other heirs for the amount, but as between the five heirs in possession of the property to be charged to J. L. Phipps.
The judgment in this particular is erroneous if it charges these heirs in solido for the portion of the succession received by each. Each heir is responsible for only that part of the succession which he illegally appropriated. We interpret the language of the decree to mean that Phipps is responsible for the whole amount, receiving his reimbursement from the heirs who participated in the disbursement of this sum. A decree ordering each heir to collate the portion he received would meet the requirements of the case, and be in accordance with the responsibility each assumed in taking possession of the effects of the succession.
The decree also makes the heirs liable in solido in the event of the property not bringing enough to equalize amounts due .other heirs with those charged with specific sums, for the value of rent, corn, cotton seed.
The reasons assigned for the liability of each heir in the disbursement of the amount of cash drawn from Loewenberg will apply to this part of the decree also.
The defendants are liable for the costs of the sale, provoked by them without judicial process. It is claimed that there are some *1432 costs due by the succession in two cases. The succession is charged with the payment, and on the final partition each heir will pay his part of the costs, to be deducted from his portion. There is no necessity for incorporating this in the judgment.
The appellees ask that the judgment be amended so as to make its language more explicit as to the sale of the property. This prayer will be complied with, although there is no real necessity for doing so.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to charge the heirs, J. R. Phipps, J. E. Phipps, P. L. Phipps and Mrs. Patrick, each with one-fourth of the sum of two hundred and ninety-nine dollars and nineteen cents, drawn from Loewenberg in 1892, and used on the farm, and with one-fourth of the value of the rent, corn, cotton seed and fodder; that the judgment in solido against G. E. Phipps, J. L. Phipps and Mrs. Patrick, for the Short note of five hundred and sixty-two dollars, be reversed.
1 It is further ordered that the decree be amended so as to order enough of the property of the succession to be sold for cash to pay the portion coming to plaintiff, Mrs. Longino, and that she be paid the proceeds of the sale, and that the portion of the minor heirs be sold for cash, or on such terms of credit as a family meeting may advise, the succession to pay costs of this appeal.
Nicholls, O. J., absent.